# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JASON LIGGINS,

          Plaintiff,

 v.                6:14-CV-446 (TJM/ATB)

CITY OF UTICA,

          Defendant.

JASON LIGGINS, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Jason Liggins. (Dkt. Nos. 1, 3). Plaintiff, who is currently incarcerated at the Oneida County Correctional Facility, has not paid the filing fee for this action.

**I.** **IFP Application**

This court received plaintiff's complaint, together with plaintiff's motion to proceed IFP, on April 18, 2014. (Dkt. No. 1, 2). After a review of plaintiff's IFP motion, Senior Judge Thomas J. McAvoy issued an order administratively closing this action because the application was incomplete. (Dkt. No. 4). The court afforded plaintiff the opportunity to comply with the Local Rules, which require the IFP motion to be accompanied by a "certification by an appropriate official" at plaintiff's facility, regarding his account balance, and a signed Inmate Authorization Form. (*Id.* at 1) (citing 28 U.S.C. § 1915(a)(1), (2) & Local Rule 5.4(b)(1)(A), (B).

Presently before the court is plaintiff's motion to "reinstate" this case, together

with a new motion for IFP status. (Dkt. Nos. 6, 7). Unfortunately, plaintiff has still failed to comply with the Local Rules and with section 1915. Plaintiff has submitted an outdated Inmate Authorization Form, allowing the court only to collect **$150.00**. (Dkt. No. 7 at CM/ECF p.3). As stated in Judge McAvoy's Order, the filing fee is $350.00, with a $50.00 administrative fee that is not applicable to parties who are granted IFP. (Dkt. No. 4 at 1 n.1). Thus, plaintiff's authorization form should have allowed the collection of **$350.00**, "over time." (*Id.*)

Plaintiff also states in his motion to reinstate that he cannot comply with the certification requirement because Oneida County Jail will not give him the appropriate certification without a court order. If this is true, it is unacceptable. There is no reason that Oneida County Jail should require any order to give plaintiff the certification his seeks in order to file a motion to proceed IFP. Notwithstanding the continued deficiency in the plaintiff's motion for IFP status, this court will allow plaintiff to proceed IFP because a review of the complaint shows that it must be dismissed in any event.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In this complaint, plaintiff claims that on September 13, 2013, police officers from the City of Utica entered his home without a warrant and without probable cause

to search. (Compl. at ¶ 4) (Dkt. No. 1 at CM/ECF p.2). Plaintiff claims that the officers violated his Fourth, Fifth, and Fourteenth Amendment rights when they found, and seized a "full framed shotgun" and arrested plaintiff based upon that discovery. (*Id.*). Plaintiff alleges that after the officers found the gun, they arrested him, took him to the Utica Police Department, fingerprinted, and "booked" him. He was charged with Criminal Possession of a Weapon, Third Degree, a Class D Felony. (*Id.* at CM/ECF p.3).

Plaintiff states that he was never indicted on the felony charge because, after consulting with an attorney, plaintiff entered an "Alford"[1] plea to Criminal Possession of a Weapon, Fourth Degree, "to avoid a possible trial and a harsher sentence had the case been lost by the decision of 12 Jurors." (*Id.*) Plaintiff alleges that he then suffered "Cruel and Unusual Punishment" when he was sentenced on his plea to one year in the Oneida County Jail. Plaintiff seeks damages from the City of Utica because he "holds [the City] responsible for the violation of his civil liberties which ultimately resulted in his illegal detention." (*Id.*)

The complaint contains three causes of action. The first cause of action alleges violation of the Fourth Amendment prohibition against unreasonable searches and seizures; the second cause of action alleges violation of his Fifth and Fourteenth Amendment right to be free of the deprivation of property "for public use" without due

---

[1] An *Alford* plea derives its name from *North Carolina v. Alford*, 400 U.S. 25 (1970). It is a plea in which a defendant "does not confirm the factual basis for the plea." *United States v. Savage*, 542 F.3d 959, 962 (2d Cir. 2008). Under *Alford*, the defendant does not admit guilt, but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea. *Id.*

process and in violation of the Equal Protection Clause; and the third cause of action alleges that plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated when he was sentenced to one year incarceration "due to illegal detention." (*Id.* at 4). Plaintiff seeks substantial monetary relief.

## III. *Heck v. Humphrey*

### A. Legal Standard

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87. This is true regardless of whether plaintiff took an *Alford* plea or a plea in which he admitted the facts surrounding his conduct. *See Browdy v. Karpe*, 131 F. App'x 751, 753 (2d Cir. 2005) (court dismissed plaintiff's section 1983 claim even though plaintiff plead guilty pursuant to *Alford* without discussing the difference between pleas).

### B. Application

In this case, all plaintiff's causes of action relate to the alleged "illegal detention" that he is suffering based upon the conduct that plaintiff attributes to the City of Utica. If this court were to decide that the police lacked probable cause to search plaintiff's apartment and that he was "illegally detained," it would necessarily invalidate his conviction. In order to bring this section 1983 action for damages, plaintiff would have

to show that his criminal conviction was invalidated as stated above. Plaintiff clearly is still incarcerated based upon what he believes to be the "illegal detention." He does not allege, and it does not appear that plaintiff's conviction has been overturned or otherwise called into question. Thus, plaintiff's civil rights action for damages is not cognizable, and this court must recommend dismissal.

IV. **Municipal Liability**

A. **Legal Standard**

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, a plaintiff must show a violation of his constitutional rights, caused by a municipal policy or custom. *O'Leary v. City of New York*, 938 F. Supp. 2d 410, 417 (E.D.N.Y. 2013) (citations omitted). Plaintiff must establish a direct causal link between the policy or custom and the alleged constitutional deprivation. *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Plaintiff may also establish municipal liability by alleging that official policy makers failed to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom the municipal employees will come into contact. *Cuellar v. Love*, No. 11-CV-3632, 2014 WL 1486458, at *10 (S.D.N.Y. April 11, 2014) (quoting *Moray v. City of Yonkers*, 924 F.

6

Supp. 8, 12 (S.D.N.Y. 1996)). *See also Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010). However, a single incident involving an employee or employees below the policy making level will generally not suffice to support the inference of a municipal policy. *Id.* (citing *inter alia DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)). When the complaint is devoid of factual allegations from which it can be reasonably inferred that a municipal policy or custom caused any of the conduct of which plaintiff complains, sua sponte dismissal has been held to be appropriate. *Brown v. Nassau County Police Dep't*, No. 14-CV-247, 2014 WL 1401510, at *3-4 (E.D.N.Y. April 8, 2014).

### B. Application

In this case, plaintiff names only the City of Utica as a defendant. The complaint alleges only that the police officers who searched his apartment "are employed through the City of Utica, which is an Incorporated or Principal Place of Business in this State, whom [sic] the plaintiff holds responsible for the violation of his civil liberties which ultimately resulted in his illegal detention." (Compl. at CM/ECF p.3). There are absolutely no other facts alleged against the City of Utica. The complaint is, as stated above, "devoid" of factual allegations from which a policy or custom could be inferred. The failure to properly allege facts sufficient to infer municipal liability is another basis for sua sponte dismissal of plaintiff's complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions to reinstate this action and for IFP status (Dkt. Nos. 6, 7) are **GRANTED** only for purposes of filing this action, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** for **FAILURE TO STATE A CLAIM** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 6, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge